UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANJAY TRIPATHY,

              Plaintiff,              DECISION & ORDER

      v.                              19-CV-6614-FPG-MJP

CAPTAIN LOCKWOOD, et al.,

              Defendants.

_____

### Preliminary Statement

*Pro se* plaintiff Sanjay Tripathy ("Plaintiff"), who is currently incarcerated at Gowanda Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983 against defendants Captain Lockwood, Reverend Harris, Superintendent Susan R. Kickbush, and the Department of Corrections and Community Supervision of New York State ("DOCCS") (collectively, "Defendants") alleging a violation of his right to freely practice his religion. (Am. Compl. at 3, ECF No. 4.) Currently pending before the Court is Plaintiff's unopposed motion to add parties and a motion to appoint counsel (ECF No. 25.). For the reasons explained more fully below, Plaintiff's motion to add an additional defendant is granted and Plaintiff's motion to appoint counsel is denied.

### DISCUSSION

***Plaintiff's unopposed motion to add parties.***

In a motion dated November 22, 2020, and filed by the Clerk's Office on November 25, 2020, Plaintiff moved to add Andrea N. Schneider as a defendant. (ECF No. 25 at 1.) Plaintiff contends that Defendant Superintendent Susan R. Kickbush retired in March 2019, and that

1

Acting Superintendent Andrea N. Schneider is "responsible for the Unconstitutional Acts (from March 2020 onwards) . . . [and that Schneider played] an active role in being responsible for running Gowanda CF and being involved in continuing to deny relief to the Plaintiff, which continues to this day, in violation of his core and sincerely held religious rights." (*Id.* at 1.) Defendant has not opposed Plaintiff's motion. Based upon the forgoing, the Court grants Plaintiff's request to add Andrea Schneider as a defendant.

### *Plaintiff's motion to appoint counsel.*

Plaintiff contends that he requires appointed counsel because he is incarcerated, is not a legal professional, and needs help with the discovery process and potential trial. (ECF No. 25 at 2.) Plaintiff expresses his concern that the "Federal Civil Process" is complicated and he will make procedural errors. (*Id.*)

Unlike criminal defendants, indigent civil litigants do not have a constitutional right to counsel. *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994); *Carlton v. Pearson*, 351 F. Supp. 3d 265, 267 (W.D.N.Y. 2018) ("Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel.") However, courts have the discretion to appoint counsel, pursuant to 28 U.S.C. § 1915(e), to represent such litigants when the facts of the case warrant it. *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) ("The determination of whether appointment of counsel is necessary rests with the discretion of the Court.") (citations omitted).  That said, "[v]olunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d

Cir. 1989). In *Hodge v. Police Officers*, the Second Circuit outlined several factors to be considered by courts in deciding whether or not to appoint counsel:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61–62 (2d Cir. 1986).

Applying the *Hodge* factors to this case, and assuming that Plaintiff's allegations satisfy the initial threshold showing of merit, the Court holds that appointment of counsel is unwarranted. Here, no factors supported by the record warrant the appointment of counsel.

With respect to the *Hodge* factor regarding Plaintiff's ability to investigate the crucial facts and whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the Court finds that this factor weighs against appointing counsel. This is not a case where the main evidence to be presented largely involves the testimony of opposing parties and very fact-intensive claims. Here, Plaintiff alleges that concrete policies allegedly created and implemented by the Gowanda Correctional Facility ("Gowanda") violated his religious beliefs. Plaintiff has also attached documentary evidence to his complaint regarding his efforts to obtain an exception to the laundry policy and responses thereto. (*Id.* at 8–14.) In sum, it does not appear that this case will involve a detailed investigation into crucial facts or involve in-depth cross-examination. This factor weighs against appointing counsel for Plaintiff.

In addition, Plaintiff's Amended Complaint is very detailed and adequately describes the alleged events that led to his claims, including the exact dates on which the laundry policies changed, the changes made, and an expression of how that impacted Plaintiff's religious beliefs. Moreover, the circumstances surrounding Plaintiff's claims do not appear to

3

be unusually complicated and the legal issues alleged are not so complex as to preclude Plaintiff's ability to proceed without counsel. That is, the case involves a claim that Defendants violated Plaintiff's core religious beliefs relating to the laundry policy at Gowanda, which changed several times during 2019. (Am. Compl., ECF No. 4 at 2, 3.). Plaintiff has clearly articulated how washing/drying his clothes with those of other inmates violates his beliefs as a practicing Hindu. (*Id*. at 4.) Plaintiff describes how he took advantage of the grievance process to exhaust his administrative remedies and the dates on which he took such action. (*Id.* at 5.) His complaint contains allegations against each Defendant and alleged facts to support his claims. (*Id.* at 5–6.) Plaintiff also includes a monetary demand and requests a jury trial. (*Id.* at 7.)

Further, Plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. He has drafted coherent pleadings, as addressed above, and attached relevant documents to his Amended Complaint. *See Lenhard v. Colographics of Rochester*, No. 15-CV-6166, 2016 WL 4661377, at *2 (W.D.N.Y. Sept. 6, 2016) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Additionally, given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. *See Boomer v. Deperio*, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); *Harris v. McGinnis*, No. 02-CV-6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). If necessary, Plaintiff may consult with the Western District's pro se office attorneys for questions on process and procedure.

**<u>Conclusion</u>**

Based upon the forgoing, Plaintiff's motion to add a party (ECF No. 25) is granted and Plaintiff's motion to appoint counsel (ECF No. 25) is denied without prejudice.

Dated: December 18, 2020
       Rochester, New York

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge