UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SANJAY TRIPATHY,

        Plaintiff,

DECISION AND ORDER

Case No. 19-CV-6614 FPG

v.

CAPTAIN LOCKWOOD, et al.,

        Defendants.

## INTRODUCTION

On August 21, 2019, *pro se* Plaintiff Sanjay Tripathy filed a civil rights action against over a dozen defendants, asserting that a laundry policy at Gowanda Correctional Facility violated his religious beliefs as a Hindu. ECF No. 1. On November 25, 2019, the Court dismissed some claims with prejudice, some with leave to file an amended complaint, and allowed others to proceed to service. *See* ECF No. 3. On December 9, 2019, Plaintiff filed an amended complaint pursuant to the Court's prior order. ECF No. 4. In liberally construing the *pro se* Amended Complaint, the Court determined that it adequately stated the following claims which were allowed to proceed to service: (1) First Amendment claim against Defendants Lockwood, Harris, and Kickbush, in their individual capacities; (2) RLUIPA claim against DOCCS; and (3) claim for prospective injunctive relief under the First Amendment against Lockwood, Harris, and Kickbush, in their official capacities. *See* ECF No. 7. Defendants' answered on April 20, 2020. ECF No. 9.

On September 23, 2020, Plaintiff filed a motion for summary judgment. ECF No. 13. The Court denied the motion on the basis that the motion contained no facts or legal arguments and did not comply with the Federal Rules of Civil Procedure. ECF No. 14. Instead, the request consisted

of mere blanket conclusions that Plaintiff's rights were violated. *Id.* The Order also indicated that the denial was without prejudice to Plaintiff filing a future motion for summary judgment that explains the factual and legal grounds for relief, in accordance with the Federal Rules of Civil Procedure. *Id.*

On October 7, 2020, Plaintiff filed another motion for summary judgment. ECF No. 17. Defendants oppose the motions on the grounds that Plaintiff's motion is again procedurally defective because (1) Plaintiff offers no evidence to support his claims; (2) there are material facts in dispute; and (3) individual Defendants are entitled to qualified immunity. *See* ECF No. 28.

For the reasons set forth below, Plaintiff's motion is DENIED without prejudice to bring a future motion for summary judgment in accordance with the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

The non-moving party may defeat a summary judgment motion by making a showing sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "mere conclusory allegations or denials" are not evidence

and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

## DISCUSSION

While a *pro se* party's submission is to be construed liberally, "a *pro se* party's bald assertions unsupported by evidence, are insufficient to [establish the requirements necessary for] a motion for summary judgment." *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) (citations omitted). Plaintiff's submission here again contains nothing more than blanket conclusions that his constitutional rights have been violated and he is therefore entitled to judgment as a matter of law. *See generally*, ECF Nos. 17, 40. Indeed, he neither cites to nor submits to the Court any evidence of record to establish his claims, let alone demonstrate that there is no issue of material fact for trial. Rather, Plaintiff merely asserts, *inter alia*, that he has a deeply and sincerely held religious belief, that the prison guards were aware of this sincerely held belief, and that the prison's laundry system violates this belief. *See id.*

Defendant has made clear that there are numerous factual issues which remain unknown and therefore, summary judgment remains inappropriate at this juncture. Indeed, there is nothing submitted in the record from which the Court can discern that there is no issue of material fact as to: (1) Plaintiff's sincerely-held religious belief regarding the laundry policy; (2) beef and pork products entering the washing machine and contaminating Plaintiff's laundry under the laundry policy; or (3) clothing being "contaminated" even after being cleaned. *See* ECF No. 28 at 6-7.

At this stage of the litigation, where there has been little to no discovery, the Court finds that there are enough inconsistencies and unknown facts to raise numerous triable issues precluding summary judgment. Since Plaintiff's filing of this motion in October 2020, he has been appointed limited *pro bono* counsel for the purpose of aiding him in discovery, particularly with viewing electronically stored information, ECF Nos. 38, 39, and conducting depositions, ECF No.

60. The court has also entered various Case Management Orders providing deadlines for discovery as well as dispositive motions, demonstrating that fact development and discovery remain ongoing. Most recently, the court has determined that discovery is to be completed by August 31, 2021, and dispositive motions, including motions for summary judgment, are to be submitted to the Court by March 31, 2022.  *See* ECF No. 62.

Plaintiff is encouraged to refrain from filing an additional motion for summary judgment unless and until there is sufficient undisputed evidence upon which Plaintiff can base his motion. As stated in the Court's prior Text Order, Plaintiff's summary judgment motion must contain facts and legal argument and comply with Federal Rule of Civil Procedure 56.  *See* ECF No. 14.  While "special solicitude [is] afforded *pro se* litigants" that does not excuse the applicable standards when a *pro se* litigant brings a motion for summary judgment.  *See Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1998) (emphasis added).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF No. 17, is DENIED without prejudice to future filing.  Plaintiff is encouraged to refrain from filing an additional motion for summary judgment unless and until there is sufficient evidence in the record upon which Plaintiff may base his motion.  If Plaintiff chooses to file a motion at such time, he is directed to file such motion in accordance with Federal Rule of Civil Procedure 56 and must set forth the factual and legal grounds for relief.

IT IS SO ORDERED.

Dated: May 17, 2021
      Rochester, New York

                                            HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                            United States District Court