UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANJAY TRIPATHY,

                       Plaintiff,

      v.

CAPTAIN LOCKWOOD, et al.,

                    Defendants.

_____

REPORT AND RECOMMENDATION

19-CV-6614-FPG-MJP

## APPEARANCES

For Plaintiff:                       Sanjay Tripathy
                                          #18R1673
                                          Fishkill Correctional Facility
                                          18 Strack Drive
                                          Box # 1245
                                          Beacon, New York 12508

For Defendant:                   Matthew D. Brown
                                          N.Y.S. Office of the Attorney General
                                          144 Exchange Boulevard
                                          Suite 200
                                          Rochester, NY 14614

## INTRODUCTION

**Pedersen, M.J.** *Pro se* plaintiff Sanjay Tripathy ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against defendants Captain Lockwood, Reverend Harris, Superintendent Susan R. Kickbush, and the Department of Corrections and Community Supervision of New York State ("DOCCS") (collectively, "Defendants") alleging a violation of his right to freely practice his religion. (Am. Compl. at 3, ECF

1

No. 4.)[1] Defendant Andrea N. Schneider, Acting Superintendent, was added as a defendant after Defendant Kickbush retired. (Decision and Order ("D&O") at 1–2, dated Dec. 18, 2020, ECF No. 29.) Currently pending before the Court is Plaintiff's motion seeking leave to amend his amended complaint. (ECF No. 86.) Defendants did not oppose this motion. After reviewing the motion papers, the undersigned recommends that the District Court deny Plaintiff's motion.

## STANDARD OF LAW

The Honorable Frank P. Geraci referred this motion for Report and Recommendation on September 29, 2021. (ECF No. 93.)

## BACKGROUND

Plaintiff initially commenced this action against seventeen Defendants alleging the following: (1) a First Amendment Free Exercise of Religion claim; (2) a Religious Land Use and Institutionalized Persons Act claim ("RLUIPA"); (3) an Equal Protection claim; (4) a Due Process claim; and (5) an Eighth Amendment claim. (Compl., ECF No. 1.)

Plaintiff now seeks leave to file a second amended complaint to assert his RLUIPA claim against Defendants Lockwood, Harris, Kickbush, and Schnieder, and, separately, to assert his First Amendment (Free Exercise Clause) claim against Defendant DOCCS. (Pl.'s Not. of Mot., filed Aug. 4, 2021, ECF No. 86.)

---

[1] Plaintiff commenced this action against several other Defendants, but all claims have been dismissed as to them.

## DISCUSSION

As an initial matter, the Court notes that Plaintiff's motion for leave to amend does not comply with this District's Local Rules of Civil Procedure, in that Plaintiff did not submit to the Court a proposed amended pleading. *See* L. R. Civ. P. 15(a) ("A movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects.").

While the Court could deny the motion for leave to amend based on this failure, it will not do so in light of Plaintiff's *pro se* status. However, Plaintiff is cautioned that all future filings in this case are expected to comply with the Local Rules.

### *Findings of Fact Regarding Plaintiff's Request for Leave to File a Second Amended Complaint.*

Pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16, the undersigned held a scheduling conference on November 18, 2020, during which Plaintiff appeared and participated. (Minute entry for proceedings before the undersigned, ECF No. 21.) The undersigned thereafter issued a scheduling order containing the parties' agreed-upon deadlines for the progression of discovery and eventual resolution of this matter. (Scheduling Order at 1, Nov. 18, 2020, ECF No. 22.) The scheduling order provided that "[a]ll motions to . . . amend the pleadings shall be filed on or before **December 15, 2020.**" (*Id.*, emphasis in original.) The Clerk of the Court mailed the scheduling order to Plaintiff on November 19, 2020.

Thereafter, the undersigned held a case management conference on February 25, 2021, in which both parties participated. (ECF No. 48.) The next day, the undersigned issued an amended scheduling order, which specifically provided that "[t]he deadline for motions to join other parties and to amend the pleadings has passed." (Am. Scheduling Order at 1, dated Apr. 26, 2021, ECF No. 62.) Plaintiff did not object to the contents of the Amended Scheduling Order, which was mailed to him on April 26, 2021. (ECF No. 62.) Plaintiff has never sought to extend the deadline to amend the pleadings.

### Legal Conclusions Regarding Plaintiff's Request for Leave to File a Second Amended Complaint.

"A district court has broad discretion in determining whether to grant leave to amend[.]" *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Two provisions of the Federal Rules of Civil Procedure guide the Court's analysis of a motion for leave to amend where the deadline for such motions, as set forth in a scheduling order, has passed. The first is Rule 15(a)(2), which provides that once the time for leave to amend as of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The second is Rule 16(b)(4), which provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Where, as here, a scheduling order governs amendments to the complaint, ... the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's

4

scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations and citations omitted). "In determining whether a movant has satisfied the 'good cause' standard under Rule 16(b), 'the primary consideration is whether the moving party can demonstrate diligence.'" *Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Brotherhood. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) (quoting *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).

Further, "where the substance of the proposed amendment was known to the movant [earlier in the proceedings], but the movant nevertheless failed to act, courts have denied leave to amend under Rule 16." *Valentin v. City of Rochester*, No. 11-CV-6238CJS, 2016 WL 5661729, *6 (W.D.N.Y. Sept. 30, 2016) (citations omitted). Thus, a party who inexcusably delays after determining that he wishes to allege new claims, whether by discovering new evidence or otherwise, will not satisfy the good cause standard. *See, e.g.*, *Werking v. Andrews*, 526 Fed. Appx. 94, 96 (2d Cir. 2013) (summary order) ("despite having sufficient notice of the relevant facts..., [plaintiff] inexplicably failed to file his motion to amend for another two months[;]...[plaintiff's] actions hardly evince diligence"); *Lowry v. Eastman Kodak Co.*, 14 Fed. Appx. 27, 30 (2d Cir. 2001) (summary order) ("[plaintiff] offers no good cause for his delay in filing an amended complaint[;] [e]ven assuming...he [discovered] evidence to support his new theory ..., he did not seek to amend his complaint until five months after the new evidence surfaced"); *Tardif v. City of New York*, No. 13-CV-4056(KMW)(FM), 2016 WL 2343861, *5 (S.D.N.Y. May 3, 2016) (plaintiff failed to demonstrate diligence where she did not file her motion seeking leave to amend the complaint until more

than five months after learning the information; "[t]his lengthy delay, coupled with [plaintiff's] failure to apprise the [c]ourt of her progress and her plans to make additional substitutions, falls far short of the diligence necessary to show good cause for the purposes of Rule 16"); *Gizewski v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 14-CV-0124(GTS/DJS), 2016 WL 3661434, *18 (N.D.N.Y. July 5, 2016) ("[p]laintiff has failed to demonstrate the due diligence necessary to establish good cause by failing to take any action during the five months that elapsed between mid-March [when he learned the information] and mid-August [when he filed the motion to amend]"); *Kodak Graphic Commc'ns Canada Co. v. E.I. du Pont de Nemours & Co.*, No. 08-CV-6553T, 2011 WL 4711968, *6 (W.D.N.Y. Sept. 23, 2011) ("nearly a year before this motion was filed, [defendant] had the basis to allege [the proposed amendments]; [i]ts failure to move in a more timely manner amounts to impermissible delay and does not satisfy the good cause standard"), *report and recommendation adopted*, 2011 WL 6826650 (W.D.N.Y. Dec. 28, 2011); *Lawrence v. Town of Cheektowaga*, No. 04-CV-9635, 2006 WL 2000124, *3 (W.D.N.Y. July 17, 2006) (delay of nearly one year after plaintiff obtained information giving rise to requested amendment defeated motion to amend complaint).

Finally, a plaintiff's *pro se* status does not relieve him of compliance with Rule 16(b)'s diligence requirement. *Li v. Morrisville State Coll.*, No. 07-CV-1302(LEK/GHL), 2010 WL 2735711, *4 n.5 (N.D.N.Y. July 9, 2010) ("[t]his [c]ourt affords *pro se* litigants special solicitude[;]...[n]evertheless, a litigant's 'pro se status does not exempt a party from compliance with relevant rules of procedural and

substantive law'") (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)), *aff'd* 434 Fed. App'x 34 (2d Cir. 2011).

Here, the undersigned set a deadline of December 15, 2020, to amend the pleadings. (Scheduling Order, ECF No. 22.) That deadline was never amended, despite the issuance of an amended scheduling order that extended discovery and dispositive motion deadlines. (ECF No. 48.) The Amended Scheduling Order clearly stated that the deadline to amend the pleadings has passed. Now, a year and seven months after the deadline for amending the pleadings has expired, Plaintiff seeks leave to file a Second Amended Complaint. Plaintiff has failed to demonstrate any diligence in connection with seeking these amendments to support the requisite "good cause" needed for this Court to grant leave to amend. In fact, Plaintiff does not include any facts that would demonstrate the good cause required to permit the amendments. *See Smith v. New York City Dept. of Educ.*, 524 Fed. App'x 730, 733 (2d Cir. 2013) (affirming district court's denial of *pro se* plaintiff's motion to amend where plaintiff sought to amend complaint six months after deadline for amended pleadings and failed to demonstrate good cause for the delay); *Buckingham v. Lewis General Tires, Inc.*, No. 13-CV-6242W, 2017 WL 975942, *3 ( W.D.N.Y. Mar. 14, 2017) (denying *pro se* plaintiff's motion seeking leave to amend where plaintiff failed to demonstrate good cause for filing the motion after the deadline to amend the pleadings expired); *Yates v. Cunningham*, No. 08-CV-6346CJS, 2012 WL 4473260, *3 (W.D.N.Y. Sept. 7, 2012) (denying *pro se* plaintiff leave to amend for failure to demonstrate diligence; "[plaintiff] has proffered no explanation for his failure to seek to add...a defendant until more than a year after the deadline for amending the pleadings had expired and

after he had obtained the discovery necessary to learning [*sic*] [the proposed defendant's] identity"), *report and recommendation adopted*, 2012 WL 4473257 (W.D.N.Y. 2012); *Tafuto v. N.Y. State Office for Children & Family Servs.*, No. 08-CV-8433(LTS)(THK), 2011 WL 2077089, *3 (S.D.N.Y. May 25, 2011) (denying *pro se* plaintiff's leave to amend where plaintiff failed to show good cause for seeking to amend 8 months after deadline set in scheduling order.); *Rambarran v. Mount Sinai Hosp.*, No. 06-CV-5109(DF), 2008 WL 850478, *3 (S.D.N.Y. Mar. 28, 2008) (good cause not demonstrated where plaintiff moved to amend four months following the deadline and failed to identify the new evidence giving rise to the new claims or when such evidence was discovered).

Moreover, Plaintiff knew or should have known at the time he filed his initial complaint, or, at the very least, his amended complaint, of the facts and bases underlying the amendments he now seeks to leave to make.[2] There is no apparent reason that Plaintiff could not have filed this motion to amend before the December 15, 2020, deadline and Plaintiff does not even attempt to explain why he waited until now to seek such leave.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the District Court deny Plaintiff's motion seeking leave to amend his amended complaint. (ECF No. 86.)

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

---

[2] In fact, at least with respect to the RLUIPA claim, Plaintiff did bring this claim against all Defendants in his original complaint and Judge Geraci dismissed the claim with prejudice because RLUIPA "does not authorize monetary damages against the State or state officers acting in their official or individual capacities." (D&O at 6, dated Nov. 22, 2019, ECF No. 3.)

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   September **27**, 2021
         Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge