UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SANJAY TRIPATHY,

                              Plaintiff,

                                                                                   Case # 19-CV-6614-FPG

v.

                                                                                   DECISION AND ORDER

CAPTAIN LOCKWOOD, et al.,

                              Defendants.

On August 4, 2021, Plaintiff filed a motion to amend his complaint. ECF No. 86. On September 29, 2021, Magistrate Judge Pedersen—pursuant to a referral by the undersigned, ECF No. 93—issued a Report & Recommendation ("R&R") in which he recommended that the motion be denied. ECF No. 95. Plaintiff has filed an objection to the R&R. ECF No. 97.

Generally, a court reviews portions of an R&R to which a party makes specific objections *de novo*.[1] Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When a party does not object to the R&R, however, the court will review it for clear error. *EEOC v. AZ Metro Distributors, LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] The Court notes that, ordinarily, "motions for leave to amend are considered to be nondispositive and subject to review under the 'clearly erroneous or contrary to law' standard of Rule 72(a) of the Federal Rules of Civil Procedure." *Torres v. DJ Southhold, Inc.*, No. 17-CV-5123, 2018 WL 3653156, at *1 (E.D.N.Y. July 31, 2018). Nevertheless, the Court will review Judge Pedersen's R&R as if it were dispositive and will apply the *de novo* standard of review. *See* Fed. R. Civ. P. 72(b)(3).

1

Judge Pedersen recommended that the motion be denied on the ground that Plaintiff had failed to "demonstrate the good cause required to permit the amendments." ECF No. 95 at 7. As Judge Pedersen explained, when a party moves to amend pleadings after the deadline set in the scheduling order has passed, "the lenient [amendment] standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that . . . [a] scheduling order shall not be modified except upon a showing of good cause." *Id.* at 4-5 (quoting *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009)). "To show good cause, a movant must demonstrate that it has been diligent, meaning that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 407 (S.D.N.Y. 2020) (internal citations omitted). In Plaintiff's case, he moved to amend "a year and seven months" after the relevant deadline had expired, and he failed to articulate "any facts that would demonstrate the good cause required to permit the amendments." ECF No. 95 at 7. Judge Pedersen wrote, "There is no apparent reason that Plaintiff could not have filed this motion to amend before the [relevant] deadline," and Plaintiff "[did] not even attempt to explain why he waited until now to seek such leave." *Id.* at 8.

In his objection to the R&R, Plaintiff makes two points: first, he is acting *pro se*; and second, the impetus for his motion was a recent administrative decision he received that, in his view, demonstrates that Hindu inmates are being treated differently than Muslin inmates. *See* ECF No. 97 at 1.

The Court is not persuaded by Plaintiff's arguments and fully concurs with Judge Pedersen's R&R. Plaintiff's *pro se* status does not, standing alone, excuse the untimely motion. *See* ECF No. 95 at 6-7 (citing cases). As for the administrative decision, it could not have been the impetus for Plaintiff's motion, as Plaintiff did not receive it until *after* he filed the motion.

*Compare* ECF No. 86 (filed Aug. 4, 2021), *with* ECF No. 97 at 6 (stating that Plaintiff received decision on Aug. 19, 2021). Regardless, the Court cannot discern the connection between the administrative decision and the proposed amendment—which is simply to modify which claims apply to which defendants. *See* ECF No. 86 at 3. In the absence of more developed argument, the Court agrees with Judge Pedersen that "[t]here is no apparent reason that Plaintiff could not have" moved to make those amendments before the deadline. ECF No. 95 at 8.

## CONCLUSION

For the reasons discussed above, the Court ADOPTS Judge Pedersen's R&R (ECF No. 95). Plaintiff's motion to amend (ECF No. 86) is DENIED.

IT IS SO ORDERED.

Dated: November 15, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York