UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                              Plaintiff,                    Case # 19-CV-6614-FPG

v.                                                                  DECISION AND ORDER

CAPTAIN LOCKWOOD, et al.,

                              Defendants.
_____

On January 18, 2022, Plaintiff Sanjay Tripathy—an inmate at Collins Correctional Facility—moved *pro se* for a preliminary injunction that would enable him to "do laundry in [his] facility" without "any direct contact with other inmates [sic] clothes." ECF No. 103 at 10. Defendants oppose the motion. ECF No. 105. For the reasons discussed below, Plaintiff's motion is DENIED.

"A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (internal quotation marks omitted). "Irreparable harm is the single most important prerequisite for injunctive relief, and in the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied." *Id.* (internal quotation marks omitted). "Irreparable harm is defined as certain and imminent harm for which a monetary award does not adequately compensate." *Allstate Ins. Co. v. Harvey Family Chiropractic*, 677 F. App'x 716, 718 (2d Cir. 2017) (summary order).

1

Plaintiff has not established the irreparable harm necessary to warrant preliminary injunctive relief. This is because, by his own admission, he waited "almost 3 years" to bring the present motion. ECF No. 103 at 1.

"Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). "Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." *Id.*; *see also Rochester Drug Co-Operative, Inc. v. Hiscox Ins. Co.*, 466 F. Supp. 3d 337, 351 (W.D.N.Y. 2020) ("Considerable delay in filing an action seeking injunctive relief weighs against finding irreparable harm present."); *Le Sportsac, Inc. v. Dockside Research, Inc.*, 478 F. Supp 602, 609 (S.D.N.Y. 1979) ("Delay . . . undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury."). Courts have declined to grant preliminary injunctions based on "unexplained delays" of as little as two months. *Hornig v. Trs. of Columbia Univ. in City of New York*, No. 17-CV-3602, 2018 WL 5800801, at *7 (S.D.N.Y. Nov. 5, 2016).

In this case, Plaintiff waited approximately 29 months from the filing of his complaint to submit a motion for a preliminary injunction. An unexplained delay of that length is, standing alone, a sufficient reason to deny a motion for a preliminary injunction. *See, e.g.*, *Jermyn v. Best Buy Stores, L.P.*, No. 08-CV-214, 2010 WL 3911509, at *3 (S.D.N.Y. Sept. 28, 2010) (delay of more than two years); *Marshall v. Nat'l Ass'n of Letter Carriers BR36*, No. 03-CV-136, 2003 WL 22119882, at *2 (S.D.N.Y. Sept. 15, 2003) ("[T]he actions that [the plaintiff] complains of have been known to him and ongoing for several years. A preliminary injunction is not warranted on that ground alone."); *see also Majorica, S.A. v. R.H. Macy & Co.*, 762 F.2d 7, 8 (2d Cir. 1985) ("Lack of diligence, standing alone, may . . . preclude the granting of preliminary injunctive relief.").

Plaintiff has not offered a sufficient justification or excuse for that delay. In his motion, Plaintiff states only that "this matter is almost 3 years old, and the parties have still not completed discovery, and a simple goal of the Defense seems to be delays that can potentially moot the complaint, thus [Plaintiff] seeks the Court's intervention[] for relief." ECF No. 103 at 1. The Court fails to discern how Defendants' allegedly dilatory tactics during discovery justify Plaintiff's delay. Even if Plaintiff was initially under the impression that his case would move so speedily through discovery that preliminary injunctive relief was unnecessary, Magistrate Judge Pedersen's original November 18, 2020 scheduling order should have disabused him of that notion: it set July 30, 2021 as the deadline for dispositive motions. *See* ECF No. 22. Therefore, as early as November 2020, Plaintiff knew that discovery would proceed for at least eight months. Nevertheless, Plaintiff did not move for a preliminary injunction at that time; indeed, he waited until January 2022 to file his motion despite several more extensions to the scheduling order.[1] *See* ECF Nos. 48, 62, 96.

Accordingly, Plaintiff's unexplained delay in moving for a preliminary injunction undercuts his claim that there is an "urgent need for speedy action to protect" his rights. *Citytrust*, 756 F.2d at 276. For that reason, Plaintiff's motion for a preliminary injunction (ECF No. 103) is DENIED.

IT IS SO ORDERED.

Dated: April 8, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] Prior to the issuance of the original scheduling order, Plaintiff twice moved for summary judgment on his claims, including those related to injunctive relief. ECF Nos. 13, 17. The Court denied the first motion in September 2020, ECF No. 14, and the second in May 2021. ECF No. 68. Assuming *arguendo* that Plaintiff waited to file his motion for a preliminary injunction while the summary judgment motions were under consideration, that still leaves an unexplained delay of eight months, which is sufficient to undercut the claimed urgency of preliminary relief.