UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANJAY TRIPATHY,

                Plaintiff,                          DECISION & ORDER

      v.                                       19-CV-6614-MJP

CAPTAIN LOCKWOOD, et al.,

                Defendants.

_____

## PRELIMINARY STATEMENT

On August 21, 2019, plaintiff Sanjay Tripathy ("Plaintiff"), proceeding *pro se*, commenced this civil rights action against numerous defendants alleging that a laundry policy at Gowanda Correctional Facility violated his religious beliefs as a Hindu. (Second Am. Compl., ECF No. 1.) Currently pending before the Court is Plaintiff's motion for reconsideration (ECF No. 169) and Defendants' cross-motion for reconsideration pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 60(b)(6) (ECF No. 173) of my decision and order regarding Defendants' motion to dismiss (ECF No. 164). For the reasons explained more fully below, the Court **DENIES** Plaintiff's motion for reconsideration (ECF No. 169) and **GRANTS** Defendants' cross-motion for reconsideration (ECF No. 173).

## PROCEDURAL HISTORY

Relevant to the present motion, on March 24, 2023, Defendants moved to dismiss Plaintiff's second amended complaint. (ECF No. 138.) On March 28, 2024, I granted in part and denied in part Defendants' motion to dismiss. (ECF No. 164.) More specifically, I granted Defendants' motion to dismiss with respect to the

1

following: (1) Plaintiff's claims against the Collins and Fishkill Defendants on the basis that Plaintiff did not exhaust his administrative remedies as to them; (2) as to DOCCS, as well as to the Gowanda Defendants and Fernandez in their official capacities, under the immunity provided by the Eleventh Amendment; (3) Plaintiff's § 1983 claims (First Amendment); (4) Plaintiff's conspiracy claims under 42 U.S.C. § 1983 and § 1985; (5) Plaintiff's state law claims; (6) and claims related to emotional injury. (Decision and Order, Mar. 28, 2024, ECF No. 164.) I further found that the Gowanda Defendants and Fernandez are entitled to qualified immunity with respect to Plaintiff's § 1983 claims. *Id*. With respect to Plaintiff's RLUIPA claims, I granted Defendants' motion to dismiss that claim under the Spending Clause basis, but denied Defendants' motion under the Commerce Clause basis as to the Gowanda Defendants and Fernandez. (*Id*.) The Clerk of the Court entered judgment in favor of Defendants Sharon Frost, Father George J. Dash, Superintendent Edward Burnett, Reverend Joel L. Terragnoli, Richard Moffit, Superintendent Leanne Latona, and DOCCS. (Judgment in a Civil Action, Mar. 29, 2024, ECF No. 166.)

Plaintiff appealed the decision and order on March 28, 2024. (Not. of Appeal, Mar. 28, 2024, ECF No. 165.) In a mandate issued on June 21, 2024, the Second Circuit granted Defendants-Appellees' motion to dismiss the appeal for lack of jurisdiction because I had not yet issued a final order, dismissed Plaintiff's appeal, and denied Plaintiff's motion as moot. (Mandate of the U.S. Court of Appeals for the Second Cir., Jun. 21, 2024, ECF No. 189.)

On March 30, 2024, Plaintiff filed a motion "seeking reconsideration and miscellaneous relief." (ECF No. 169.) On March 31, 2024, Plaintiff filed an addendum

in which he challenges the constitutionality of New York State's Correction Law § 24 under state and federal law. (Addendum, Mar. 31, 2024, ECF No. 170.) Plaintiff also indicates that the addendum relates to "the physical injury component of PLRA for emotional damages." (*Id.*)

Defendants filed a cross-motion for reconsideration pursuant to F.R.C.P. 60(b)(6) seeking reconsideration of their motion to dismiss Plaintiff's RLUIPA claims, asserting that the claims are barred by qualified immunity. (Not. of Cross-Motion for Reconsideration, Apr. 4, 2024, ECF No. 173.) Defendants further submitted a memorandum of law opposing Plaintiff's motion and in support of their cross-motion. (Defs.' Mem. of Law, Apr. 4, 2024, ECF No. 173-1.)

## DISCUSSION

As explained by the Second Circuit, "[t]he standard for granting [ ] a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3–4 (W.D.N.Y. Sept. 27, 2013),

*aff'd* 594 F. App'x 25 (Feb. 13, 2015) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). Finally, the decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia,* 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

### *Plaintiff's Motion*

Plaintiff appears to raise four arguments in his present motion: (1) challenging whether he exhausted his administrative remedies at Fishkill and Collins Corrections Facilities prior to filing his amended complaint in the Western District of New York (Pl.'s Mot. for Reconsideration at 1–2, ECF No. 169); (2) asserting that the question of whether Defendants can be held liable in their individual capacities under the Spending Clause portion of RLUIPA was before the Second Circuit on Plaintiff's appeal in another case (*Tripathy v. Feuz*, 22-CV-6469-FPG), and asking the Court to certify this issue to the Second Circuit (*Id*. at 2); (3) that New York State Corrections Law § 24 is unconstitutional under both federal and state law statutes "as it prevents [Plaintiff] from redressal by the Federal Courts to sue Defendants in their individual capacities, where they cannot be protected by any immunity" and, further, that the Court should exercise pendent jurisdiction over Plaintiff's state law claims. (*Id*. at 2–4; Pl.'s Addendum to Mot. for Reconsideration ("Pl.'s Addendum") at 1–5, ECF No. 170); and (4) that Plaintiff demonstrated the requisite physical injury

4

under the PLRA such that he should be permitted to recover damages for emotional injury. (Pl.'s Addendum at 5–6, ECF No. 170.)

### *Failure to Exhaust Administrative Remedies*

Plaintiff's argument regarding exhaustion of remedies is repetitive of an issue I already fully considered in the Decision and Order. (Pl.'s Mem. in Opposition at 14, 17–19, March 27, 2023, ECF No. 139; Decision and Order at 11–15.) Plaintiff has not raised any grounds justifying reconsideration. Based on the foregoing, I deny this part of Plaintiff's motion.

### *RLUIPA—Spending Clause*

It appears that Plaintiff's argument in this respect is that the issue of whether Defendants can be held liable in their individual capacities under the Spending Clause basis was under review by the Second Circuit and asks that I certify the same question to the Second Circuit "to expedite the resolution of these cases." (Pl.'s Mot. for Reconsideration at 2, ECF No. 169.) A review of the docket sheet for the case that was before the Second Circuit, *Tripathy v. Fuez, et al.*, 21-CV-6469-FPG, reveals that the Second Circuit issued a Mandate on June 20, 2024, affirming the District Court's judgment. (Mandate of the U.S. Court of Appeal for the Second Cir., June 20, 2024, ECF No. 89.) The decision and order affirmed by the Second Circuit in turn held that "Plaintiff's claims for injunctive and declaratory relief under RLUIPA are moot without exception and Plaintiff's claims for monetary damages are not cognizable, all of Plaintiff's claims under RLUIPA are dismissed." (*Tripathy v. Fuez, et al.*, 22-CV-6469-FPG, Decision and Order at 3–4, Jun. 15, 2023, ECF No. 85.) Based on the foregoing, I deny this portion of Plaintiff's motion.

5

### *Plaintiff's Assertion that New York State Corrections Law § 24 is Unconstitutional and the Court's Exercise of Pendent Jurisdiction.*

Plaintiff asserts that New York State Corrections Law § 24 is unconstitutional and that I must exercise supplemental jurisdiction over Plaintiff's state law claims. First, Plaintiff challenges the constitutionality of § 24 for the first time in his motion for reconsideration, which is improper. Indeed, a party is

> barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013). In other words, "'a party may not advance new facts, issues[,] or arguments not previously presented to the Court' on a motion for reconsideration." *Steinberg v. Elkman*, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)); *accord Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017).

*Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022).

Moreover, even if Plaintiff had challenged the constitutionality of § 24 in opposition to the motion to dismiss, he does not cite to any case law or other authority for his unsupported argument that New York State Corrections Law § 24 is, in fact, unconstitutional. Accordingly, my decision still stands that this Court lacks jurisdiction to address Plaintiff's state law claims. (Decision and Order at 36–37, ECF No. 164.)

### *Emotional Injury*

I find that I properly dismissed Plaintiff's claim in this respect because he raised his assertions regarding his physical injuries for the first time in his reply to Defendants' motion to dismiss. (Decision and Order at 37–38, ECF No. 164.) Plaintiff asserts in his addendum that he previously raised facts relating to his alleged

6

physical injuries, citing to his "complaint, amended complaint and all other filings on the docket since April 2019." (Pl.'s Addendum at 5, ECF No. 170.) However, Plaintiff is experienced enough in litigation to know that his amended complaint completely replaced his original complaint. Moreover, in my decision and order I specifically stated that "Plaintiff did not allege physical injury in his second amended complaint," demonstrating that I reviewed the second amended complaint and found no allegations related to physical injuries. (Decision and Order at 38, ECF No. 164.) Finally, Plaintiff's broad assertion that he raised allegations relating to his physical injuries "in all other filings on the docket since April 2019" is vague and of no merit. For these reasons, I deny this aspect of Plaintiff's motion.

### *Defendants' Cross-Motion*

Defendants concede that they did not raise the affirmative defense of qualified immunity in connection with Plaintiff's RLUIPA claim and that this was a "mistake." (Defs.' Mem. of Law at 2–3, ECF No. 173-1.) However, case law supports their assertion that qualified immunity shields them from liability under RLUIPA. *See, e.g.*, *Redd v. Wright*, 597 F.3d 532, 536 (2d Cir. 2010) (finding that the district court did not err in granting qualified immunity on the plaintiff's RLUIPA claim where the right claimed by the plaintiff was not clearly established at the time the alleged violation occurred and "it had not been clearly established by either the Supreme Court or this court that the 1996 Policy, or a substantially equivalent policy, that such terms are not the least restrictive means of furthering a compelling governmental interest."); *Hall v. Ekpe*, 428 F. App'x 93, 94 (2d Cir. 2011) (finding that the defendants were entitled to qualified immunity on their individual-capacity

claims under RLUIPA); *Clark v. Levesque*, 336 F. App'x 93, 95 (2d Cir. 2009) ("[B]ecause the statutory rights [plaintiff alleged were violated] were not well-established [at the time of the alleged violation], the defendants are entitled to qualified immunity whether or not their conduct would in fact have violated RLUIPA."). I could not find any Supreme Court or Second Circuit case law demonstrating that there is a clearly established right to wash clothes separately from those of inmates who might have consumed beef. Further, Plaintiff cannot point to any relevant case law declaring (or even foreshadowing) that Gowanda's laundry policy, or any substantially similar policy, was not the least restrictive means of furthering a compelling government interest and, thus, invalid under RLUIPA. *See Redd*, 597 F.3d at 536.

Based upon the foregoing, I find that Defendants are entitled to dismissal of Plaintiff's remaining claim under RLUIPA based on the Commerce Clause. The case law provides that Defendants are entitled to qualified immunity on that claim as a matter of law. If I let that claim stand Defendants could move for a judgment on the pleadings under F.R.C.P. 12(c) and would be entitled to judgment on the RLUIPA claim. Alternatively, Defendants could move for summary judgment on the RLUIPA claim under F.R.C.P. 56 and would be entitled to judgment in their favor. Regardless, the end result would be the same—that Defendants are entitled to qualified immunity on the RLUIPA claim.

Further, despite the fact that Defendants raised qualified immunity related to the RLUIPA claim in the motion for reconsideration as opposed to the motion dismiss, granting Defendants' cross-motion and dismissing the RLUIPA claim does not run

8

afoul of due process because Plaintiff had the opportunity to, and did respond to that issue in his response to the cross-motion. Indeed, Plaintiff dedicated three pages of his six-page reply addressing why Defendants should not be able to use qualified immunity as a shield to liability. (Pl.'s Resp. at 3–5, ECF No. 174.)

Finally, I exercise my "inherent authority to manage [my] docket[ ] . . . with a view toward the efficient and expedient resolution of [this case]" *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Requiring Defendants to continue with this litigation when the law is clear that the affirmative defense of qualified immunity bars Plaintiff's RLUIPA claim would be a waste of judicial resources and cause both parties to incur needless additional expenses.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration (ECF No. 169) and **GRANTS** Defendants' cross-motion for reconsideration (ECF No. 173). The Court instructs the Clerk of the Court to entered judgment for Defendants and close this case.

_____
MARK W. PEDERSEN
United States Magistrate Judge

Dated:   August 29, 2024
         Rochester, New York